2011 ND 40

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Bernice C. DELORME, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Bernice C. Delorme, Respondent.

No. 20100414.

Supreme Court of North Dakota.

March 17, 2011.

PER CURIAM.

[¶ 1]  The Supreme Court has before it Findings of Fact, Conclusions of Law, and Recommendations from a Hearing Panel of the Disciplinary Board recommending Bernice C. Delorme be suspended from the practice of law for thirty days for violating N.D.R. Prof. Conduct 1.5 and she pay $3,830 in costs of the disciplinary proceeding.  We received no objections to the Findings of Fact, Conclusions of Law, and Recommendations from a Hearing Panel of the Disciplinary Board.  We conclude there is clear and convincing evidence Delorme violated N.D.R. Prof. Conduct 1.5, and we suspend Delorme's license to practice law for thirty days for her misconduct and order her to pay costs of the disciplinary proceeding.

[¶ 2]  Bernice C. Delorme was admitted to practice law in North Dakota on April 25, 2006.  On May 7, 2010, Delorme admitted service of a Summons and Petition for Discipline.  The Petition asserts that from approximately June 2008 to October 2009, Delorme charged Charles B. Vondal, Sr. unreasonable fees during the course of representation.

[¶ 3]  The Petition alleges Delorme's conduct in this matter violates N.D.R. Prof. Conduct 1.5, Fees, which provides a lawyer shall not make an agreement for, charge, or collect an unreasonable fee.

[¶ 4]  A Hearing Panel was appointed and the matter a hearing was held.  The Hearing Panel found subsequently that Delorme had no written fee agreement with Vondal.  However, she had orally agreed to an hourly rate of $125, but instead charged $175 per hour and $210 per

hour for Court time. The Hearing Panel also found Delorme failed to reflect a payment by Vondal; overbilled for mileage; billed to review Veteran's Affairs medical records of the children when the children had never been to Veterans Affairs; billed Vondal more than 24 hours on June 16, 2008; and billed for time when she provided no legal services while Vondal reviewed paperwork.

[¶ 5] The Hearing Panel concluded that Delorme's conduct violated N.D.R. Prof. Conduct 1.5, Fees, which provides a lawyer shall not make an agreement for, charge, or collect an unreasonable fee.

[¶ 6] In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 7.2 and 7.3 which provide suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or the legal system. It also considered N.D. Stds. Imposing Lawyer Sanctions 9.22(a) recognizing prior disciplinary offenses as an aggravating factor.

[¶ 7] The Hearing Panel report containing Findings of Fact, Conclusions of Law and Recommendations was served on December 29, 2010, and forwarded to the Supreme Court. Objections to the Report were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 8] ORDERED, that the Findings of Fact, Conclusions of Law and Recommendations of the Hearing Panel are adopted.

[¶ 9] IT IS FURTHER ORDERED, that Bernice C. Delorme is SUSPENDED from the practice of law in North Dakota for thirty days for her misconduct, effective April 10, 2011.

[¶ 10] IT IS FURTHER ORDERED, that Bernice C. Delorme pay the costs and expenses of these disciplinary proceedings in the amount of $3,830, payable to the Secretary of the Disciplinary Board.

[¶ 11] IT IS FURTHER ORDERED, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 13] The Honorable MARY MUEHLEN MARING, being unavoidably absent, did not participate in the decision.